IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN GERRARD ANDREWS, SR, )<br>ID # 1219885, )<br>      Petitioner, )<br>vs. )<br> )<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:06-CV-1604-N (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

**A. Nature of the Case**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a conviction for aggravated robbery of an elderly person in Cause No. F03-73140-TM on December 11, 2003. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural and Factual History**

In July of 2003, the State indicted petitioner for aggravated assault with a deadly weapon. (Trial Transcript at 2). Petitioner pled guilty to the charged offense on December 11, 2003, and was sentenced to twenty-five years. *Id*. at 13.

Petitioner filed an appeal challenging the trial court's jurisdiction to hear the case. The Fifth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Andrews v. State*, No. 05-04-00071-CR (Tex. App. – Dallas, Aug. 17, 2004). Petitioner's petition for discretionary review was denied on February 2, 2005. *Ex parte Andrews*, No, PD-1413-04 (Tex. Crim. App. Feb. 2, 2005). On November 29, 2005, petitioner filed a state application for writ of habeas corpus in which he raised the same issues he raises in his federal petition (S.H. Tr.[1] at 7). The Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without an evidentiary hearing. *Ex parte Andrews*, No. 64,416-01 (Tex. Crim. App. June 28, 2006).

On August 26, 2006, petitioner filed the instant petition for federal habeas relief. (*See* Pet. Writ of Habeas Corpus (Pet.) at 9); *see also Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system). Respondent filed an answer on December 29, 2006, (*see* Answer) and provided the state-court records. No reply brief was filed by petitioner.

C. <u>Substantive Issues</u>

Petitioner asserts that because his attorney incorrectly advised him that he was eligible for probation and told him that he would, in fact, receive probation, (1) his guilty plea was involuntary, and (2) he received ineffective assistance of counsel. (Pet. at 7).

D. <u>Exhaustion</u>

Respondent does not contend that petitioner failed to exhaust any of his claims.

---

[1] "S.H. Tr." denotes the state habeas records attached to *Ex parte Andrews*, No. 64,416-01 (Tex. Crim. App. June 28, 2006)..

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed the instant petition after its effective date, the Act applies to his petition.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of petitioner's state writ constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Thus, the AEDPA standards enumerated in 28 U.S.C. § 2254(d) apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to

that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III. VOLUNTARINESS OF PLEA

In his first claim, petitioner asserts that his guilty plea was involuntary because trial counsel told him that he would receive probation, but he received a twenty-five-year sentence. (Pet. at 7). Petitioner further contends that he was not, in fact, eligible for probation because he had a prior

4

felony and was convicted of aggravated robbery. (Pet.'s Memorandum in Support of Pet. at 3-4).

A plea of guilty waives a number of constitutional rights. *Boykin v. Alabama*, 395 U.S. 238, 242-43 (1969); *Joseph v. Butler*, 838 F.2d 786, 789 (5th Cir. 1988). Therefore, the Fourteenth Amendment Due Process Clause imposes certain requirements to ensure the validity of a guilty plea. *Fischer v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978) (citing *Brady v. United States*, 397 U.S. 742 (1970); *Boykin*, 395 U.S. 238; *Johnson v. Zerbst*, 304 U.S. 458 (1938)). "*Boykin* requires that defendants have a hearing prior to entry of the plea, at which there needs to be an affirmative showing that the decision to plead guilty was voluntarily and intelligently made." *Matthew v. Johnson*, 201 F.3d 353, 368 n.22 (5th Cir. 2000). In addition, "the voluntary and intelligent nature of the plea [must] be apparent on the face of the record." *See Holloway v. Lynaugh*, 838 F.2d 792, 793 (5th Cir. 1988).

A plea "is constitutionally valid only to the extent it is 'voluntary' and 'intelligent.'" *Bousley v. United States*, 523 U.S. 614, 618 (1998) (quoting *Brady*, 397 U.S. at 748). "The voluntariness of a plea is determined by 'considering all of the relevant circumstances surrounding it.'" *Id.* (quoting *Brady*, 397 U.S. at 749). Pleas are involuntary when induced by threats, improper promises, deception, or misrepresentation. *See Daniel v. Cockrell*, 283 F.3d 697, 702-03 (5th Cir.), *cert. denied*, 537 U.S. 874 (2002); *United States v. Amaya*, 111 F.3d 386, 389 (5th Cir. 1997). A plea qualifies as intelligent when the criminal defendant enters it after receiving 'real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process.'" *Bousley*, 523 U.S. at 618 (quoting *Smith v. O'Grady*, 312 U.S. 329, 334 (1941)). "Before the trial court may accept a guilty plea, the court must ensure that the defendant 'has a full understanding of what the plea connotes and of its consequence.'" *Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991) (quot-

5

ing *Boykin*, 395 U.S. at 244). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995) (citing *Henderson v. Morgan*, 426 U.S. 637, 645 n.13 (1976)).

A prisoner may not generally "collaterally attack a voluntary and intelligent" plea. *Taylor*, 933 F.2d at 329. A guilty plea "entered by one fully aware of the direct consequences . . . must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (*e.g.* bribes)." *See Brady*, 397 U.S. at 755. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980) (*en banc*), *modified on other grounds*, 646 F.2d 902 (5th Cir. 1981) (per curiam).

At the state habeas level, petitioner's trial counsel submitted an affidavit, and the trial court found Allan to be trustworthy, his affidavit to be worthy of belief, and the statements in his affidavit to be true. (S.H.Tr.:33-4). The trial court also found that petitioner was properly admonished about the meaning and consequences of his plea, and the trial court concluded that petitioner's guilt plea was knowingly and voluntarily entered. (S.H.Tr.:34). The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte Andrews*, No. 64,416-01, slip op. at 1. The trial court's factual findings are not an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, and the conclusion is not contrary to federal law.

6

When petitioner pled guilty before the trial court in this case on December 4, 2003, he stated on the record that he understood he had the right to a jury trial, that he was pleading guilty freely and voluntarily, and that he understood what he was charged with and the range of punishment he was facing. (R. 2:6-8). His judicial confession and plea of true to the enhancement paragraph were admitted into evidence. (R. 2:8, State's ex. #1, 2). Then, on December 11, 2003, petitioner testified under oath during the sentencing hearing that he was aware that the punishment range he was facing was fifteen to ninety-nine years or life, that he understood that he was putting the decision on punishment entirely in the judge's hands, and that he was asking her to consider giving him an opportunity to complete a deferred adjudication probation. Petitioner further acknowledged that he did not successfully complete a previous probation when he was younger, but he knew what would be expected of him and believed that he could complete probation this time. (R. 3:14-15). Petitioner also testified that if he was placed on probation, he understood that he would be required to pay his victim's medical and other expenses and would have to complete community service. Petitioner then directly asked the trial judge to place him on probation. (R. 3:21-2).

On cross-examination, petitioner testified that he had been interviewed by the probation department, and he gave them a written statement. (R. 3:22, 28-9). In his closing argument, petitioner's attorney argued that petitioner should be placed on probation and placed in treatment for bipolar disorder and that fifteen years in prison, the lowest available sentence, was a disproportionate sentence for the crime petitioner committed. (R. 3:46-7). The prosecutor, on the other hand, argued that petitioner was not a good candidate for probation given his criminal history. (R. 3:48). Finally, the record reflects that petitioner signed a plea agreement in which he made an open plea of guilty and plea of true to the enhancement, with the State's recommendation being a

7

fifteen-year sentence. (Tr.:8-9).

Petitioner contends that his plea was involuntary because his attorney both told him that he would receive probation and led him to believe that he was entitled to probation, when he was not. As support for this claim, petitioner submitted two affidavits at the state level from two of his witnesses at his sentencing hearing. In her affidavit, Tracy Andrews states that petitioner's attorney told her that petitioner was eligible for probation. Barbara Jones' affidavit states that petitioner's attorney told her that he was "going to get" petitioner a fifteen-year probated sentence. (S.H.Tr.:24-5). Petitioner's trial counsel stated in his affidavit, which the trial court found to be believable, that while petitioner was ineligible to receive straight probation from a jury due to his prior felony convictions, petitioner was eligible to receive deferred adjudication probation from a judge after pleading guilty before the court. Counsel's affidavit further states that he explained this eligibility to petitioner but never told petitioner that he would receive probation. To the contrary, he told petitioner that his chances of receiving probation from the judge were very poor, and that he could receive any sentence within the punishment range. Finally, counsel states in his affidavit that he believed that petitioner, faced with a plea bargain offer of a fifteen-year sentence, opted to plead open to the court because it offered the only chance at probation. (S.H.Tr.:37-8).

The record before this Court is that petitioner was admonished before the trial court that he could receive any sentence in the sentence range of fifteen to ninety-nine years or life. Petitioner also testified that he understood the range of punishment and understood that the decision was solely in the trial judge's hands. Trial counsel's affidavit, found to be credible by the trial court, states that he never advised petitioner that he would receive probation. While petitioner presented an affidavit from a friend in which she states that petitioner's attorney told her petitioner would

8

receive probation, this factual issue was resolved by the state court, and petitioner has not rebutted the presumption that this finding is correct by clear and convincing evidence. The record therefore does not support petitioner's assertion that he was told that he would receive probation.

With regard to petitioner's assertion that he was not, in fact, entitled to probation, under state law petitioner was ineligible for jury-recommended probation because of his prior felony conviction and was ineligible for judge-ordered probation because he pled guilty to aggravated robbery. *See* TEX. CODE CRIM. PROC. art. 42.12, § 3g(a), 4(e) (West 2003). Under state law, however, petitioner was eligible to be sentenced by a judge to deferred adjudication for aggravated robbery. *See* Art. 42.12, § 5(d). As the State notes in its response, "community supervision" encompasses both "probation" and "deferred adjudication," with probation being defined as a conviction with a suspended sentence and deferred adjudication being defined as the deferment of a finding of guilt for a period of time subject to a defendant complying with certain terms and conditions. *See* Art. 42.12, §2; *Rodriguez v. State*, 939 S.W.2d 211, 220 (Tex. App. – Austin 1997, no pet.). It is clear from the record that, when the prosecutor, defense counsel, and the trial judge referred to "probation" as a possible sentence for petitioner, they were referring to "deferred adjudication" community supervision. Petitioner was eligible for community supervision, and therefore his plea was not an involuntary one because he was so advised. Petitioner made a knowing and voluntary plea of guilty. Accordingly, petitioner's claim entitles him to no habeas relief.

### IV. INEFFECTIVE ASSISTANCE OF COUNSEL

In his fourth claim, petitioner asserts that he received ineffective assistance of counsel at trial because defense counsel told him that he would receive probation if he pled guilty and he did not, and counsel told him he was eligible for probation when he was not. Petitioner alleges that he was

9

prejudiced by this failure because had he known that he was not eligible for probation and would not receive probation, he would not have pled guilty. (Pet. at 7).

Guilty pleas are "open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980) (quoting *McMann v. Richardson*, 397 U.S. 759, 770-771 (1970)). With respect to guilty pleas, "[c]ounsel is needed so that the accused may know precisely what he is doing, so that he is fully aware of the prospect of going to jail or prison, and so that he is treated fairly by the prosecution." *Argersinger v. Hamlin*, 407 U.S. 25, 34 (1972). However, once a criminal defendant enters a knowing, intelligent, and voluntary guilty plea, all non-jurisdictional defects in the proceedings below are waived except for claims of ineffective assistance of counsel relating to the voluntariness of the plea. *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000); *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

To successfully state a claim of ineffective assistance of counsel under existing precedent of the United States Supreme Court, petitioner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a petitioner alleges he was denied effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

10

"[I]n a guilty plea scenario, a petitioner must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error." *See Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *See* 466 U.S. at 696. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

As noted earlier, the record before this Court shows that petitioner was informed by the trial court and defense counsel about the range of sentence he was facing and that any decision regarding probation was the judge's decision alone. Petitioner has not shown that his attorney advised him that he would, in fact, receive probation if he pled guilty. As noted earlier, petitioner was eligible for deferred adjudication community supervision. Accordingly, petitioner was not advised incorrectly by his attorney.

At the state habeas level, the trial court found that petitioner was represented "by an attorney who exercised all of the skill and expertise which one could reasonably of an attorney" and that petitioner was not denied his right to effective assistance of counsel. (S.H.Tr.:34). The Court of Criminal Appeals denied petitioner's state application for writ of habeas corpus on the findings of the trial court. *See Ex parte Andrews*, No. 64,416-01, slip op. at 1. This is not an unreasonable application of the *Strickland* standard. For the above-stated reasons, petitioner's claim of ineffective assistance of counsel entitle him to no habeas relief.

## V. STATE CONSIDERATION OF CLAIMS

Petitioner raised both of his claims in his state writ. The Court of Criminal Appeals denied the state writ on the findings of the trial court, and thus petitioner's claims were adjudicated on the

merits. These decisions at the state level are consistent with applicable Supreme Court precedent. The decision involved no unreasonable application of Supreme Court precedent. The adjudication of the claims did not result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented to the state court. Under applicable Supreme Court standards and the AEDPA standards, petitioner is entitled to no habeas relief on the claims raised in the instant petition.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** with prejudice the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

SIGNED on this 15th day of October, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE